# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA
# TULSA DIVISION

| | |
|---|---|
| (1) ROBERT FERRELL, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>(1) SEMGROUP CORPORATION,<br><br>    Defendant. | **Case No.** 19-cv-00610-GKF-JFJ<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Robert Ferrell (Ferrell) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant SemGroup Corporation (SemGroup) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Ferrell worked for SemGroup as a Chief Inspector.

3.      Ferrell and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

4.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of receiving overtime as required by the FLSA, SemGroup classified Ferrell and the Putative Class Members as independent contractors, and these workers received a flat amount for each day worked (a "day rate") without overtime compensation.

6.      Ferrell or the Putative Class Members never received a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**RELATION TO OTHER CASES**

8.      In accordance with Local Rule 3.1, this matter is not related to any other previously filed cases in this Court.

**JURISDICTION & VENUE**

9.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10.      Venue is proper under 28 U.S.C. § 1391(b)(1) as SemGroup maintains its headquarters in this District and Division.

11.      Specifically, SemGroup maintains its headquarters in Tulsa, Oklahoma, and SemGroup conducts substantial business operations in and around Tulsa, Oklahoma.

**PARTIES**

12.      Ferrell worked for SemGroup as a Chief Inspector from approximately June 2016 until July 2017.

13.      Throughout his employment with SemGroup, Ferrell was paid a day rate with no overtime compensation and was classified as an independent contractor by SemGroup.

14.      In fact, Ferrell's relationship with SemGroup was an employer/employee relationship.

15.      Ferrell's written consent is attached as Exhibit 1.

16.      Ferrell brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by SemGroup's day rate system.

17.      Each of these workers received a flat amount for each day worked and did not receive overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

18.      The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Inspectors employed by, or working on behalf of SemGroup, who were classified as independent contractors and paid a day rate with no**

**overtime at any time during the past 3 years** (Putative Class Members).

19.     The Putative Class Members are easily ascertainable from SemGroup's business and personnel records.

20.     Defendant SemGroup is a Delaware corporation that maintains its headquarters in Tulsa, Oklahoma and may be served with process by serving its registered agent: **The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128**.

## COVERAGE UNDER THE FLSA

21.     At all relevant times, SemGroup has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22.     At all relevant times, SemGroup has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23.     At all relevant times, SemGroup has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). SemGroup has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24.     In each of the last 3 years, SemGroup has had annual gross volume of sales made or business done of at least $1,000,000.

25.     At all relevant times, Ferrell and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

26.     SemGroup treated Ferrell and the Putative Class Members as employees and uniformly dictated the pay practices applied to Ferrell and the Putative Class Members.

27.     SemGroup's misclassification of Ferrell and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA.

28.     SemGroup's uniform day rate scheme, depriving its employees of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

29.     SemGroup operates crude oil pipelines, storage, and terminals throughout North America.[1]

30.     To complete its business objectives, SemGroup hires personnel, such as Ferrell, to perform inspection services.

31.     SemGroup considers Ferrell and the Putative Class Members to be contractors.

32.     But SemGroup does not hire these workers on a project-by-project basis.

33.     Rather, SemGroup hires and treats these workers just like regular, even if sometimes short term, employees.

34.     Many of these individuals worked for SemGroup on a day rate basis (without overtime pay).

35.     These workers make up the proposed Putative Class.

36.     For example, Ferrell worked for SemGroup as an Inspector from approximately June 2016 until July 2017.

37.     As an Inspector, Ferrell's primary job duties include reviewing daily reports, ensuring SemGroup's policies and procedures are followed, attending daily inspector meetings, and coordinating with the crew and/or Super Chief Inspector.

38.     Ferrell did not exercise discretion and judgment as to matters of significant.

39.     Ferrell was a blue-collar worker.

---

[1] https://www.semgroup.com/AboutUs/Overview.aspx (last visited November 11, 2019).

40.     Throughout his employment with SemGroup, he was classified as an independent contractor and paid on a day rate basis.

41.     Ferrell and the Putative Class Members work for SemGroup under its day rate pay scheme.

42.     Ferrell and the Putative Class Members do not receive a salary.

43.     If Ferrell and the Putative Class Members did not work, they did not get paid.

44.     Ferrell and the Putative Class Members receive a day rate.

45.     Ferrell and the Putative Class Members do not receive overtime pay.

46.     This is despite the fact that Ferrell and the Putative Class Members often work 12 to 16 hours a day, for 7 days a week, for weeks at a time.

47.     Although Ferrell typically worked 7 days a week, for at least 12 hours a day, he did not receive any overtime pay.

48.     Ferrell and the Putative Class Members received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

49.     Without the job performed by Ferrell and the Putative Class Members, SemGroup would not be able to complete its business objectives.

50.     Ferrell and the Putative Class Members relied on SemGroup for work and compensation.

51.     Ferrell and the Putative Class Members worked in accordance with the schedule set by SemGroup and/or its clients.

52.     Ferrell and the Putative Class Members cannot subcontract out the work they are assigned by SemGroup.

53.     Ferrell and the Putative Class Members must follow SemGroup and/or its clients' policies and procedures.

54.     Ferrell and the Putative Class Members' work must adhere to the quality standards put in place by SemGroup and/or its clients.

55.    Ferrell and the Putative Class Members did not substantially invest in the tools required to complete the overall job to which they were assigned.

56.    Ferrell and the Putative Class Members did not market their services while employed by SemGroup.

57.    Ferrell and the Putative Class Members worked exclusively for SemGroup during the relevant period.

58.    Ferrell and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and/or insurance.

59.    SemGroup and/or its clients set Ferrell and the Putative Class Members' work schedule, which prohibited them from working other jobs for other companies while working on jobs for SemGroup.

60.    At all relevant times, SemGroup and/or its clients maintained control, oversight, and direction of Ferrell and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

61.    Ferrell's work schedule is typical of the Putative Class Members.

62.    SemGroup controls Ferrell and the Putative Class Members' pay.

63.    Likewise, SemGroup and/or its clients control Ferrell and the Putative Class Members' work.

64.    Ferrell and the Putative Class Members' work must adhere to the quality standards put in place by SemGroup and/or its clients.

65.    Ferrell and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

66.    SemGroup knows Ferrell and the Putative Class Members work for at least 12 hours a day, for 7 days a week.

67.    SemGroup's records reflect the fact that Ferrell and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

68.    Ferrell and the Putative Class Members do not receive overtime for hours worked in excess of 40 in any of those weeks.

69.    Instead, Ferrell and the Putative Class Members are paid on a day rate basis.

70.    SemGroup and/or its clients set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directive, and its (or its clients') policies and procedures.

71.    SemGroup controls Ferrell and the Putative Class Members' opportunities for profit and loss by dictating the days and hours they work and the rates they are paid.

72.    SemGroup exercises control over the hours and locations Ferrell and the Putative Class Members work, the tools and equipment they use, and the rates of pay they receive.

73.    Even though Ferrell and the Putative Class Members work away from SemGroup's offices without the constant presence of SemGroup supervisors, SemGroup still controls significant aspects of their job activities by enforcing mandatory compliance with its (or its clients') policies and procedures.

74.    The daily and weekly activities of Ferrell and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by SemGroup.

75.    SemGroup prohibits Ferrell and the Putative Class Members from varying their job duties outside of the predetermined parameters and requires Ferrell and the Putative Class Members to follow SemGroup's (or its clients') policies, procedures, and directives.

76.    All of the Putative Class Members perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

77.    All of the Putative Class Members work similar hours and are denied overtime as a result of the same illegal pay practice.

78.    All of the Putative Class Members work in excess of 40 hours each week.

79.    SemGroup uniformly denies Ferrell and the Putative Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

80.    Ferrell and the Putative Class Members do not, and have never, received guaranteed weekly compensation irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

81.    SemGroup knew Ferrell and the Putative Class Members worked more than 40 hours in a week.

82.    SemGroup knew, or showed reckless disregard for whether, the Putative Class Members were not exempt from the FLSA's overtime provisions.

83.    Nonetheless, Ferrell and the Putative Class Members were not paid overtime.

84.    SemGroup knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

85.    Ferrell brings this claim as a collective action under the FLSA.

86.    The Putative Class Members were victimized by SemGroup's pattern, practice, and/or policy which is in willful violation of the FLSA.

87.    Other Putative Class Members worked with Ferrell and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

88.    Based on his experiences with SemGroup, Ferrell is aware that SemGroup's illegal practices were imposed on the Putative Class Members.

89.    The Putative Class Members are similarly situated in all relevant respects.

90.     The Putative Class Members are blue-collar workers.

91.     Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

92.     The illegal day rate policy that SemGroup imposes on Ferrell is likewise imposed on all Putative Class Members.

93.     Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

94.     The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

95.     The overtime owed to Ferrell and the Putative Class Members will be calculated using the same records and using the same formula.

96.     Ferrell's experiences are therefore typical of the experiences of the Putative Class Members.

97.     The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

98.     Ferrell has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

99.     Like each Putative Class Member, Ferrell has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

100.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

101.    Absent a collective action, many Putative Class Members will not obtain redress of their injuries and SemGroup will reap the unjust benefits of violating the FLSA.

102.    Further, even if some of the Putative Class Members could afford individual litigation against SemGroup, it would be unduly burdensome to the judicial system.

103.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

104.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

105.    Among the common questions of law and fact are:

   a.    Whether SemGroup employed the Putative Class Members within the meaning of the FLSA;

   b.    Whether SemGroup's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

   c.    Whether SemGroup's violation of the FLSA was willful; and

   d.    Whether SemGroup's illegal pay practice applied to the Putative Class Members.

106.    Ferrell and the Putative Class Members sustained damages arising out of SemGroup's illegal and uniform employment policy.

107.    Ferrell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

108.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to SemGroup's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

109.    SemGroup is liable under the FLSA for failing to pay overtime to Ferrell and the Putative Class Members.

110. Consistent with SemGroup's illegal day rate policy, Ferrell and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

111. As part of their regular business practices, SemGroup intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Ferrell and the Putative Class Members.

112. SemGroup's illegal day rate policy deprived Ferrell and the Putative Class Members of the premium overtime wages they are owed under federal law.

113. SemGroup is aware, or should have been aware, that the FLSA required it to pay Ferrell and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

114. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

115. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

116. Those similarly situated employees are known to SemGroup, are readily identifiable, and can be located through SemGroup's records.

### CAUSE OF ACTION
### VIOLATION OF THE FLSA

117. Ferrell realleges and incorporates by reference all allegations in preceding paragraphs.

118. Ferrell brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

119. SemGroup violated, and is violating, the FLSA by failing to pay Ferrell and the Putative Class Members overtime.

120. SemGroup misclassified the Plaintiff and Putative Class Members for purposes of the FLSA overtime requirements.

121.    SemGroup cannot meet its burden to demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the administrative exemption.

122.    SemGroup cannot meet its burden to demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the executive exemption.

123.    SemGroup cannot meet its burden to demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the professional exemption.

124.    SemGroup cannot meet its burden to demonstrate the Plaintiff and Putative Class Members are exempt from overtime under the highly compensated exemption.

125.    SemGroup misclassified the Plaintiff and Putative Class Members as contractors.

126.    SemGroup failed to guarantee the Plaintiff and Putative Class Members a salary.

127.    SemGroup failed to pay the Plaintiff and Putative Class Members overtime.

128.    SemGroup paid the Plaintiff and Putative Class Members a day rate.

129.    SemGroup knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

130.    SemGroup's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

131.    Accordingly, Ferrell and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

132.    Ferrell demands a trial by jury.

## PRAYER

WHEREFORE, Ferrell, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a.  An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b.  A judgment against SemGroup awarding Ferrell and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d.  An order awarding attorneys' fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ Michael A. Josephson_

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**Taylor A. Jones**
TX Bar No. 24107823
(*pro hac vice application forthcoming*)
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500

Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**