UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FERRELL, Individually and For Others Similar Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 19-cv-610-GKF-JFJ |
| SEMGROUP CORPORATION., | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S MOTION TO STAY COLLECTIVE ACTION BRIEFING

Plaintiff alleges claims pursuant to the Fair Labor Standards Act ("FLSA"). Because Plaintiff is subject to a binding arbitration agreement prohibiting class or collective treatment of any claims, Defendant has filed its Motion to Dismiss and Compel Arbitration (Doc. No. 39). Thus, the central issue – legally and practically -- is whether this case will be heard in a judge's courtroom or in an arbitrator's conference room. Currently, Plaintiff's Motion for Conditional Certification is due on May 15, 2020. (Doc. No. 37).[1] Accordingly, Defendant requests that any and all briefing on the upcoming collective action motion, or any other motion, should be stayed pending resolution of whether this case will proceed in arbitration because motions to compel arbitration have priority under binding precedent as set forth below.

## I. BACKGROUND

Plaintiff Robert Ferrell's collective/class action Complaint (Doc. No. 2) is an end-run around his legally enforceable arbitration agreement, which requires him to arbitrate his overtime

---

[1] Doc. 37 – Scheduling Order – contains a typographical error. Plaintiff's Motion for Conditional Certification is due on May 15, 2020, not May 15, 2021.

claims on an individual basis. Specifically, Ferrell brought an expansive collective action for overtime against an entity that is not his employer—indeed, that is several contractual layers removed from his employer—because he signed an agreement with his actual employer—Tulsa Inspection Resources ("TIR"). However, properly understood, Ferrell's Complaint fundamentally and necessarily invokes the legal concept of "joint employment"—*i.e.*, Ferrell is alleging he was jointly employed by TIR and SemGroup (and perhaps Quanta Pipeline Services Engineering, LLC ("QPS")). (*See* Doc. No. 39, Defendant's Motion to Dismiss and Compel Arbitration). Indeed, this must be true given that SemGroup retained QPS to provide inspection services on SemGroup's Maurepas pipeline project. (*Id.*). QPS, in turn, subcontracted the inspection work to TIR, which assigned Ferrell to provide some of those services.

Plaintiff's arbitration agreement requires his claims be heard in arbitration and waives his right to class or collective treatment. (*Id.*, Ex. 1 at Ex. A, R. Ferrell Arbitration Agreement). Despite this, and contrary to Tenth Circuit Authority, Plaintiff has indicated his intent to file his Motion for Conditional Certification and proceed with this litigation in Court while Defendant's Motion to Dismiss and Compel Arbitration remains pending which is contrary to law.

## II.     ARGUMENT

Tenth Circuit authority and the Federal Arbitration Act are dispositive on this issue and mandate that the issue of arbitration **must** be decided before issues of class or collective treatment. *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977-78 (10th Cir. 2014); 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").

In *Howard*, the Tenth Circuit sought to answer the question – "What happens when it's just not clear whether the parties opted for or against arbitration?" *Id.* The answer, according to

the Tenth Circuit is clear, the Court must proceed to expeditiously decide the issue of arbitration. *Id.* at 977 ("The object is always to decide quickly—summarily—the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute." In so ruling, the Tenth Circuit criticized the district court for "entertain[ing] discovery and further motions practice" rather than proceeding expeditiously to decide the issue of whether the litigation must be sent to arbitration. *Id.* When examined logically, the Tenth Circuit's analysis in *Howard* makes sense as delaying briefing on the certification issue serves the interests of judicial economy. If Plaintiff is bound to arbitrate, there will never be a need for this Court to resolve whether a collective action might have been appropriate (and, if so, what its parameters might be given the unique circumstances of a proposed collective encompassing multiple joint employers) nor to burden the parties with additional rounds of briefing. As the Tenth Circuit stated in *Howard*, "Parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn *where* their dispute will be heard." *Id.*

Other courts faced with this same issue have determined that a stay is appropriate in light of a pending Motion to Compel Arbitration. *See e.g., Reeves v. Enterprise Products Partners, L.P.*, Case No. 19-CV-570-JED-FHM, Doc. No. 46, Order Granting Defendant's Motion to Stay Briefing on Plaintiff's Motion to Authorize a Collective Action; *Valente v. Int'l Follies, Inc.*, 1:15-CV-02477-ELR, 2016 WL 3128528, at *4 (N.D. Ga. Jan. 6, 2016) (ruling that "a full briefing of Plaintiffs' Motion for Conditional Class Certification is not yet appropriate" and must await resolution of whether to compel arbitration); *Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *4 (E.D. Tenn. Oct. 11, 2017) (granting motion to

stay briefing of collective action pending determination of applicability of arbitration agreement on basis of "judicial economy").

*Reeves* is most directly on point. In *Reeves*, the court was faced with the exact same issue – a non-signatory defendant filed a motion to compel arbitration and "urge[d] the Court to suspend briefing on collective action until it has determined whether the plaintiffs will be required to submit their claims to arbitration." Case No. 19-CV-570-JED-FHM, Doc. No. 46, Order Granting Defendant's Motion to Stay Briefing on Plaintiff's Motion to Authorize a Collective Action at pg.1. In granting the motion, the *Reeves* court cited to *Howard* and noted "the interests of efficiency weigh in favor of suspending the issue of class certification until the arbitration dispute has been resolved. Even if the certification issue were fully briefed, the Court would inevitably address the issue of arbitration first." *Id.* at pg.2. The Court must follow the great weight of authority on this issue.

## III.   CONCLUSION

Tenth Circuit authority, notions of judicial economy, and logic and common sense dictate a stay of collective action briefing in this case. Under *Howard*, this Court should stay briefing on the upcoming collective action briefing and order all existing briefing deadlines on the collective action motion be vacated.


Dated: April 9, 2020




                                                    Respectfully submitted,

By: /s/  *Annette A. Idalski*

**PRO HAC VICE COUNSEL:**

CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY

**Annette A. Idalski**
*GA Bar No.:  005559*
*TX Bar No.:  00793235*
**Brian A. Smith**
*TX Bar No.:  24098917*
191 Peachtree Street, N.E., 46th floor
Atlanta, GA  30303-1747
Telephone:  (404) 658-5386
annette.idalski@chamberlainlaw.com
brian.smith@chamberlainlaw.com


**LOCAL COUNSEL**

W. Kirk Turner, OBA # 13791
Kathy R. Neal, OBA # 674
Harrison M. Kosmider, OBA # 32036
**McAfee & Taft, A Professional Corporation**
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
Kirk.turner@mcafeetaft.com
Kathy.neal@mcafeetaft.com
Harrison.kosmider@mcafeetaft.com


**ATTORNEYS FOR DEFENDANT SEMGROUP CORPORATION**

## **CERTIFICATE OF SERVICE**

☒ I hereby certify that on April 9, 2020 , I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Michael A. Josephson, Esq.
      Andrew W. Dunlap, Esq.
      Taylor A. Jones, Esq.
      Richard J. Burch, Esq.
      Michael Burrage, Esq.
      Carl A. Fitz, Esq.

☐ I hereby certify that on _____, 2020, I served the foregoing document by mail on the following, who are not registered participants of the ECF System (None):

                                                */s/ Annette A. Idalski*

3459822.v1