IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FERRELL, individually and for others similarly situated, ) ) ) Plaintiff, ) ) v. ) SEMGROUP CORPORATION, ) ) Defendant. ) | Case No. 19-CV-00610-GKF-JFJ |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Intervene [Doc. 43] of Cypress Environmental Management-TIR, LLC (TIR). For the reasons discussed below, the motion is granted.

**I.     Background and Procedural History**

Plaintiff Robert Ferrell brings this case as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), on behalf of himself and other similarly situated employees pursuant to § 216(b) of that act. Ferrell alleges that he and putative collective members are persons currently or formerly employed by defendant SemGroup Corporation as inspectors. Ferrell asserts that he and putative collective members worked in excess of forty (40) hours in a single workweek, but were not paid overtime as required by the FLSA, allegedly as a result of SemGroup's misclassification of himself and collective members as independent contractors.

SemGroup denies that it had an employment relationship with Ferrell. [Doc. 38, ¶ 1]. On April 9, 2020, SemGroup filed its Motion to Dismiss and Compel Arbitration [Doc. 39] seeking to enforce an arbitration provision included in the Employment Agreement between Ferrell and TIR.

On April 10, 2020, TIR filed the motion to intervene asserting that it was Ferrell's employer during the relevant time period. [Doc. 43]. Ferrell responded in opposition [Doc. 56], and TIR filed a reply. [Doc. 62]. The motion is now ripe for the court's determination.

## II.   Intervention Standards

TIR seeks intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a) and permissive intervention pursuant to Fed. R. Civ. P. 24(b).

Pursuant to Federal Rule of Civil Procedure 24(a), "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene." *Id.* at 890. "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *Barnes v. Sec'y Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007)).

Federal Rule of Civil Procedure 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). This standard is "permissive" and "a matter within the district court's discretion." *City of Stillwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (quoting *Kiamichi R.R. Co., Inc. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993)). "In exercising its discretion, the court must consider whether

the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Fed. R. Civ. P. 23(b)(3).

### III. Federal Rule of Civil Procedure 24(a) Analysis

The court first considers TIR's request for intervention as a matter of right pursuant to Rule 24(a).

    A.    *Interest in the Subject of the Action That May be Impaired*[1]

To warrant intervention, the intervenor's interest in the proceedings must be "direct, substantial, and legally protectable." *Barnes*, 945 F.3d at 1121 (quoting *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)). "A protectable interest is one that would be impeded by the disposition of the action," *Id.* at 1122 (quoting *W. Energy All.,* 877 F.3d at 1165), but the "impairment may be 'contingent upon the outcome of [] litigation.'" *Kane Cty.*, 928 F.3d at 891 (quoting *San Juan Cty.*, 503 F.3d at 1203). The movant must only show "it is 'possible' that the interests they identify will be impaired." *W. Energy All.*, 877 F.3d at 1167 (*WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009)). The court must apply its "'practical judgment' when 'determining whether the strength of the interest and the potential risk of injury to that interest justify intervention.'" *Kane Cty.*, 928 F.3d at 891 (quoting *San Juan Cty.*, 503 F.3d at 1203).

---

[1] With respect to the first requirement for intervention—timeliness—Ferrell does not object to TIR's motion as untimely. Moreover, the court concludes that TIR's motion is timely when viewed in context of TIR's knowledge that SemGroup may not adequately address its interest. *See Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). The motion was filed on April 10, 2020, less than a month after the Scheduling Conference in which SemGroup first raised the potential arbitration issue [Doc. 36; Doc. 37], and just three days after SemGroup filed its Amended Answer. [Doc. 38]. With respect to the second and third requirements, because they are intertwined, the court analyzes them together. *Kane Cty.*, 928 F.3d at 891-92.

TIR contends that it possesses two protectable interests in this litigation: (1) a legal interest as a potential joint employer in the adjudication of Ferrell's proper classification under the FLSA, and (2) a practical, financial interest in the litigation based on an indemnity demand made against it. The court separately considers each asserted interest.

Ferrell argues that TIR's asserted interest as a potential joint employer is not "direct, substantial, and legally protectable" because he has not asserted any claims against TIR and may recover against SemGroup without establishing a joint employment relationship. Under the FLSA,

> [f]or each workweek that a person is a joint employer of an employee, that joint employer is jointly and severally liable with the employer and any other joint employers for compliance with all of the applicable provisions of the Act, including the overtime provisions, for all of the hours worked by the employee in that workweek.

29 C.F.R. § 791.2(f).[2] In situations where one employer actually employs an employee, "but another person simultaneously benefits from that work," to determine the existence of a joint employer relationship, the court must consider whether the other person:

(i) Hires or fires the employee;

(ii) Supervises and controls the employee's work schedule or conditions of employment to a substantial degree;

(iii) Determines the employee's rate and method of payment; and

(iv) Maintains the employee's employment records.

29 C.F.R. § 791.2(a)(1).

---

[2] Section 791.2 was amended effective March 16, 2002. However, the amendment "d[id] not meaningfully alter the regulation with respect to joint employers' joint and several liability." *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 1875533, at *3 n.3 (W.D. Wash. Apr. 15, 2020); *see also Joint Employer Status Under the Fair Labor Standards Act*, 84 FR 14043-02, 2019 WL 1515401, at *14045 (proposed Apr. 9, 2019) (to be codified at 29 C.F.R. part 791) ("Finally, the Department's proposed rule would include several other provisions. First, it would reiterate that a person who is a joint employer is jointly and severally liable with the employer and any other joint employers for all wages due to the employee under the Act.").

TIR submits evidence that it hired Ferrell and that Ferrell submitted to TIR's employment policies [Doc. 43-1, pp. 3-4, ¶¶ 6-7, 9; *id.* at pp. 7-9, 11, 13, 15, and 17]; that TIR assigned Ferrell to work as Chief Inspector on its team providing inspection services on SemGroup's Maurepas pipeline project pursuant to a subcontract with Quanta Pipeline Services Engineering, LLC (QPS) [Doc. 43-1, p. 3, ¶ 7]; that it determined Ferrell's rate and method of pay, including his overtime classification [Doc. 43-1, pp. 4, ¶¶ 11-12; *id.* at pp. 21-75]; and that TIR maintained Ferrell's employment records. *See generally* [Doc. 43-1].  Thus, although Ferrell does not directly assert FLSA overtime claims against TIR in this action, as a practical matter, given the factual circumstances, it is certainly possible that TIR and SemGroup were joint employers.[3]  *See San Juan Cty.,* 503 F.3d at 1193 ("The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention.").  If so, under § 791.2, joint and several liability would exist between TIR and SemGroup for payment of wages for all hours worked by Ferrell and putative plaintiffs, including overtime hours.  29 C.F.R. § 791.2(f).  Further, if TIR is prohibited from intervening, SemGroup may point the finger to TIR as Ferrell's *sole* employer, a charge against which TIR would be unable to defend.  TIR's potential status as a joint employer also directly impacts its rights pursuant to the arbitration provision included in its Employment Agreement with Ferrell and could impair its rights to proceed in its chosen forum—arbitration. [Doc. 43-1, p. 7].

Ferrell argues that intervention should not be permitted because TIR is not a necessary party to this litigation under Federal Rule of Civil Procedure 19.  In support, Ferrell cites an unpublished Tenth Circuit panel decision, *Statewide Masonry v. Anderson*, 511 F. App'x 801 (10th

---

[3] Ferrell contends that intervention is inappropriate because Ferrell has not asserted any claims against TIR, but the argument overlooks the very purpose underlying Rule 24. *See* [Doc. 62, p. 3].

Cir. 2013), for the proposition that "the requisite interest under Rule 24(a) 'tracks that required for joinder under Rule 19(a).'" [Doc. 56, p. 14]. However, in *Statewide Masonry,* the panel did not hold that Fed. R. Civ. P. 24 *requires* the intervenor to constitute a necessary party, only that, in that case, because the interest did not satisfy Rule 19(a), Rule 24(a) was also not met. *Statewide Masonry,* 511 F. App'x at 804 (citing *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1472 n.25 (10th Cir. 1987) (noting interest that satisfied Rule 19(a) would perforce satisfy Rule 24(a)); *United Keetoowah v. United States*, 480 F.3d 1318, 1324 n.3 (Fed. Cir. 2007) (same)). Further, the other cases cited by Ferrell were determined in the context of a motion to dismiss for failure to join an indispensable party, not a motion to intervene. *See* [Doc. 56, p. 15 (collecting cases)]. Thus, the cases cited by Ferrell are distinguishable and whether TIR constitutes a necessary party is not determinative of its right to intervene.

TIR also asserts it possesses a practical, financial interest in the proceedings based on an indemnity demand made against it related to this litigation. Sharon Moyer, Vice President and Chief Human Resource Officer for Cypress Environmental Partners, L.P., avers that SemGroup demanded indemnity from QPS related to this lawsuit and QPS then demanded indemnity from TIR. [Doc. 43-1, p. 4, ¶ 14]. The Tenth Circuit has recognized that a financial interest in litigation, including an indemnity obligation, may constitute a sufficient interest in the subject of proceedings to warrant intervention. *See Barnes*, 945 F.3d at 1123; *see also United States v. Albert Inv. Co., Inc.,* 585 F.3d 1386, 1398 (10th Cir. 2009) (citing *WildEarth Guardians*, 573 F.3d at 996) ("threat of economic injury from the outcome of litigation" may provide the requisite interest); *Kane Cty.,* 928 F.3d at 891 (quoting *San Juan Cty.*, 503 F.3d at 1203) ("[I]mpairment may be 'contingent upon the outcome of [] litigation.'"). Ferrell argues that the affidavit is insufficient to demonstrate TIR's potential indemnity obligation because TIR fails to provide the court copies of the relevant

indemnity agreements. However, "[g]enerally, in determining whether a movant has a right to intervene, the court will accept as true all well-pleaded, nonconclusory allegations in the motion to intervene, in the proposed complaint or answer in intervention, and in declarations supporting the motion, absent sham, frivolity or other objections." 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 24.03[1][a] (3d ed. 2020). Accordingly, taking the allegations of Moyer's affidavit and the pleading to intervene as true, TIR satisfies its burden to demonstrate a sufficient interest in the litigation.

Insofar as Ferrell argues that "there is no general right to contribution or indemnity under the FLSA against third parties," the existence of such a right is an open question in the Tenth Circuit and has divided courts throughout the country. *Compare Itzep v. Target Corp.,* No. SA-06-CA-568-XR, 2010 WL 2278349, at *24 (W.D. Tex. June 4, 2010) ("The Court finds that the FLSA does not preempt a contractual agreement between joint employers concerning the allocation of risk and obligation under the FLSA.") *with Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) ("Even assuming [third-party defendant] were found culpable for FLSA violations as plaintiff's 'co-employer,' the right to indemnification is still absent."). At this stage, however, the court need not determine whether indemnification is permissible because intervention requires only that TIR demonstrate the *possibility* that an interest will be impaired. *W. Energy All.*, 877 F.3d at 1167. TIR's potential indemnity obligation constitutes a direct financial interest in this litigation, which may be impaired if TIR is not permitted to intervene and defend itself.

For the foregoing reasons, the court concludes that TIR's potential liability as a joint employer and indemnity made upon it are sufficiently protectable interests which may be impaired if TIR is not permitted to intervene.

### B. Adequate Representation

Finally, as set forth above, TIR must establish "inadequate representation by existing parties," in this case, SemGroup. *Kane Cty*, 928 F.3d at 890. This Tenth Circuit has characterized the burden as "minimal," and stated "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *WildEarth Guardians*, 573 F.3d at 996 (quoting *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth,* 100 F.3d at 844-45). Ferrell argues that TIR's and SemGroup's interests are identical and therefore the court must presume that SemGroup's representation is adequate. *See Bottoms v. Dresser Indus., Inc.,* 797 F.2d 869, 872 (10th Cir. 1986). Even if this is true, the presumption may be rebutted by, among other things, a showing that the representative has an interest adverse to the applicant. *Id.* at 873. In the Amended Answer, SemGroup denies that it was in an employment relationship with Ferrell. [Doc. 38]. Moreover, in her Declaration, Moyer avers that TIR, not SemGroup, determined that Ferrell's duties and pay qualified him for an exemption to the overtime requirements under the FLSA. [Doc. 43-1, p. 4. ¶ 12]. Viewing the pleadings and evidence in light of the indemnity demand, it is likely that SemGroup will point the finger to TIR and argue that TIR must bear sole liability for any FLSA violation. Thus, a sufficient possibility of divergence exists to satisfy the final requirement for intervention as a matter of right under Rule 24(a).

As set forth above, TIR has established the four requirements necessary for intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a). TIR's motion to intervene pursuant to Rule 24(a)(2) must be granted.

### IV. Federal Rule of Civil Procedure 24(b) Analysis

Intervention is also warranted under Federal Rule of Civil Procedure 24(b). As previously stated, Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene

who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

The court concludes that common questions of law and fact exist so as to justify intervention under Rule 24(b).[4] In this matter, Ferrell alleges that SemGroup misclassified him and putative collective members as independent contractors and, as a result, failed to pay overtime for hours worked in excess of 40 hours per week. TIR submits evidence that defendant SemGroup and Maurepas Pipeline, LLC contracted with QPS to provide third-party inspection services for the Maurepas pipeline project. QPS then subcontracted with TIR for inspection services. [Doc. 43-1, p. 1, ¶ 3]. TIR also submits evidence that it hired Ferrell, and Ferrell submitted to TIR's employment policies; that it assigned Ferrell to work on SemGroup's Maurepas pipeline project; and that it determined Ferrell's rate and method of pay, including his overtime classification. As recognized by another district court in this Circuit, "it stands to reason" that the arrangement between these parties will "have a direct impact and bearing on the underlying claim." *See* [Doc. 43-3, Order Granting Applied Consultants, Inc.'s Motion to Intervene, *Snow v. Silver Creek Midstream Holdings LLC*, No. 19-CV-241-J (D. Wyo. Mar. 3, 2020), Doc. 30, p. 10]. Further, for the reasons discussed above, resolution of the legal claims against SemGroup will have legal and financial implications for TIR. Finally, intervention will not unduly delay or prejudice the adjudication of the original parties' rights, because the case is in its initial phases and discovery does not close until February of 2021. Rather, intervention will contribute to the development of the underlying factual and legal issues. *See United States v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 601 (D. Colo. 2008).

---

[4] As stated above with respect to Rule 24(a), the motion is timely.

Based on the foregoing, intervention is warranted in this case for the additional reason that TIR shows common questions of law and fact so as to satisfy the requirements of Fed. R. Civ. P. 24(b).

## V. Conclusion

WHEREFORE, the Motion to Intervene [Doc. 43] of Cypress Environmental Management-TIR, LLC (TIR) is granted. TIR's pleading in intervention shall be filed by June 26, 2020.

IT IS SO ORDERED this 12th day of June, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE