**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT FERRELL, Individually and For Others Similar Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 19-cv-610-GKF-JFJ |
| SEMGROUP CORPORATION, | ) ) |
| Defendant | ) ) |
| v. | ) ) |
| CYPRESS ENVIRONMENTAL MANAGEMENT – TIR, LLC | ) ) ) |
| Intervenor - Defendant. | ) |

## DEFENDANT SEMGROUP CORPORATION'S
## MOTION TO STAY PROCEEDING IN ITS ENTIRETY

Defendant SemGroup Corporation ("SemGroup") files this Motion to stay this proceeding in its entirety pending conclusion of the appeal of the denial of SemGroup and Cypress Environmental Management – TIR LLC's ("TIR") respective Motions to Compel Arbitration (Doc. No. 86).

This Court stayed this case as to Plaintiff Robert Ferrell. There are currently no other plaintiffs and no opt-ins. Vernon Oehlke has simply filed a notice of consent – he is not yet a plaintiff nor an opt-in. Therefore, he currently has no standing whatsoever in this case. The Supreme Court has made clear that until a case is conditionally certified, individuals who file consent forms have no standing as a party. Accordingly, because this case has not been conditionally certified and because the Court has stayed Plaintiff Ferrell's claims pending appeal, this proceeding must be stayed in its entirety.

**I.     BACKGROUND**

On November 13, 2019, Ferrell brought an expansive collective action for overtime against an entity that is not his employer—indeed, an entity that is several contractual layers removed from his employer—in attempt to evade the arbitration agreement that he signed with his actual employer – Tulsa Inspection Resources ("TIR"). (*See generally* Doc. No.'s 39, 64).

Despite the fact that this case has not been conditionally certified as a collective action, on May 5, 2020, Vernon Oehlke filed a Notice of Consent to Join Wage Claim. (Doc. No. 57). As of the date of this Motion, he is the only individual to file a consent form in connection with this litigation. As further explained below, pursuant to clear precedent, Oehlke is not a party, or even an "opt-in", to this litigation until the case is conditionally certified.

On April 9, 2020 and June 26, 2020 respectively, SemGroup and TIR, which had been granted intervention in the case by the Court, each filed a Motion to Compel Arbitration. (Doc. No's. 39, 64). The Court denied both Motions on September 9, 2020. (Doc. No. 86). On September 28, 2020, SemGroup and TIR filed a Notice of Appeal of the Court's decision. (Doc. No's. 93, 94).

Thereafter, on September 28, 2020, SemGroup and TIR filed a Joint Motion to Stay Pending Appeal (Doc. No. 95). On September 29, 2020, the Court issued a briefing schedule ordering Plaintiff to file his Response to the Joint Motion to Stay on or before October 7, 2020 and noting "a reply is not necessary." On October 7, 2020, Ferrell filed his Response, arguing that the case should not be stayed "as to Oehlke" because Oehlke had filed a consent form. (Doc. No. 101). Before SemGroup was able to seek leave to reply to the Response in order to address Plaintiff's incorrect argument that this case could somehow proceed with regard to Oehlke when Oehlke has

2

no standing, the Court issued an Order granting the stay with respect to Ferrell, but declined "to *sua sponte* exercise its discretion to stay the remainder of these proceedings." (Doc. No. 109 at 4). The Court noted the Motion was denied in part without prejudice. (*Id.*). Now, SemGroup files this Motion to stay the case in its entirety pursuant to binding precedent.

## II.  ARGUMENT

### A. The Court Lacks Jurisdiction Over This Case.

The only claims in this case – namely, those of Plaintiff Ferrell - are currently on appeal to the Tenth Circuit, and have been properly stayed by the Court. Currently, there are no other plaintiffs or opt-ins. Therefore, as a jurisdictional matter, the case cannot proceed solely with regard to Oehlke, or with regard to any other individual who files a consent form at this juncture. This is so because simply filing a notice of consent, prior to this Court's conditional certification of this case, is not sufficient to confer standing or status as a party. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees … who in turn **become parties to a collective action only by filing written consent with the court**, § 216(b).") (emphasis added).

Indeed, following *Genesis*, district courts around the country have concluded that those individuals who file consent forms prior to conditional certification **do "not become party-plaintiffs until after conditional certification** and court-ordered notice." *Crawford v. Saks & Co.*, 2016 U.S. Dist. LEXIS 71805, *27 (S.D. Tex. Jun. 2, 2016) (emphasis added). Until then, "[t]hose who filed consent-to-join forms **[are] not parties**, much less representative parties …" *Beery v. Quest Diagnostics, Inc.*, 2013 WL 3441792, *3 n.2 (D.N.J. July 8, 2013) (emphasis added); *see also Kellgren v. Petco Animal Supplies, Inc.*, 2015 WL 5167144, *1 n.2 (S.D. Cal. Sept. 3, 2015) (Individuals who filed consent forms prior to certification did "not have plaintiff

status".).

In keeping with this principle, district courts have thus concluded that they do not possess jurisdiction over the claims of those who have filed consent forms prior to conditional certification in the absence of the claims of named plaintiff(s). *See e.g., Crawford,* 2016 WL 3090781 at *9–10; *Beery* 2013 WL 3441792 at *3 (holding that the court lacked jurisdiction over collective action after claims of named plaintiffs were dismissed, despite the fact that consent forms had been filed.). By way of a relevant example, in *Cooper v. Terminex Int'l Co.*, 2018 WL 1998973 (S.D. Tex. Apr. 11, 2018), the Court held that once the named plaintiff's claims were compelled to arbitration, the remaining claims of those individuals who had simply filed consent forms <u>prior to conditional certification</u> had to be dismissed without prejudice because those individuals were not parties to the action and thus had no standing. *Report and recommendation adopted sub nom. Cooper v. Terminex Int'l Co.*, 2018 WL 1997281 (S.D. Tex. Apr. 27, 2018). *See also McClure v. HukariAscendent, Inc.*, 2019 WL 3842368 at *2 (S.D. Oh. Aug. 15, 2019); *Green v. Fishbone Safety Sols., Ltd.*, 303 F. Supp. 3d 1086, 1100 (D. Colo. 2018). While there is not a case directly addressing the dispensation of the claims of individuals who file consent forms in a case while the named plaintiffs' claims are stayed pending appeal, the instant case raises the same jurisdictional issue as was discussed and decided in the cases above. Namely, these precedents require the conclusion that, while SemGroup and TIR's appeals are pending, this Court does not have jurisdiction to "move forward" with the claims of non-party individuals like Oehlke, and the action must therefore be stayed in its entirety, because it was properly stayed as to Plaintiff Ferrell. [1]

---

[1] This is true even though, as the Court notes, no party has filed a motion to compel arbitration as to Oehlke. Defendants cannot file a motion to compel arbitration at this stage of the proceedings because prior to conditional certification, Oehlke has no standing and is not a plaintiff-party to the case. Therefore, SemGroup respectfully asserts that the Court's conclusion that it could exercise

4

Given the clear precedent that a court does not possess jurisdiction over those such as Oehlke, who have filed consent forms prior to conditional certification, in the absence of the named plaintiff, it is error for this Court to allow this case to "proceed" where the claims of Plaintiff Ferrell – **the only plaintiff** – have been stayed. The Court has no jurisdiction to proceed with the case in the absence of Plaintiff, where Oehlke or any future filers of consent forms are not parties to the litigation. ² In other words, without Plaintiff Ferrell, there is no "remainder" of the proceedings for the Court to decline to stay – the entirety of the case at this point, prior to conditional certification, consists solely of Plaintiff Ferrell's claims, which the Court has properly ordered must be stayed. It therefore follows that the case must be ordered stayed as a whole.

### III. CONCLUSION

When the Court stayed Plaintiff Ferrell's claims, it in fact issued a ruling that stayed the case in its entirety. There is no "remainder" of the case before the Court that can proceed while Plaintiff Ferrell's claims are stayed. The simple fact that Oehlke has filed a consent form in the case, or that other individuals may file consent forms in the future in this case, is meaningless because the case is not yet conditionally certified. Under the present procedural posture, SemGroup respectfully submits that this Court must grant a stay of this litigation in its entirety pending the resolution of the appeal filed by SemGroup and TIR.

---

its discretion as to whether to stay the case with regard to Oehlke is legally incorrect because this case is not conditionally certified and Oehlke has no standing.

² Furthermore, even if this case *had* been conditionally certified (which it has not), and Oehlke was thus a proper party to this action, it would remain in the interest of judicial economy to stay this proceeding because Oehlke is also subject to a binding arbitration agreement (Ex. A) and SemGroup would seek to compel Oehlke to arbitration. This would necessitate briefing and a ruling from the Court on precisely the issue that is already on appeal.

Dated: October 14, 2020

Respectfully submitted,

By: /s/ *Annette A. Idalski*
**PRO HAC VICE COUNSEL:**
CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY
**Annette A. Idalski**
*GA Bar No.: 005559*
*TX Bar No.: 00793235*
**Brian A. Smith**
*TX Bar No.: 24098917*
191 Peachtree Street, N.E., 46th floor
Atlanta, GA 30303-1747
Telephone: (404) 658-5386
annette.idalski@chamberlainlaw.com
brian.smith@chamberlainlaw.com

**LOCAL COUNSEL**

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
**Steven Broussard**
OBA No. 12582
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: sbroussard@hallestill.com

**ATTORNEYS FOR DEFENDANT**
**SEMGROUP CORPORATION**

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on October 14, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Michael A. Josephson, Esq.
    Andrew W. Dunlap, Esq.
    Taylor A. Jones, Esq.
    Richard J. Burch, Esq.
    Michael Burrage, Esq.
    Carl A. Fitz, Esq.

☐ I hereby certify that on _____, 2020, I served the foregoing document by mail on the following, who are not registered participants of the ECF System (None):

    */s/ Annette A. Idalski*
    Annette A. Idalski

3608818.v3