IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FERRELL,<br>individually and for others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMGROUP CORPORATION,<br><br>Defendant.<br>v.<br><br>CYPRESS ENVIRONMENTAL<br>MANAGEMENT-TIR, LLC,<br><br>Intervenor. | )<br>)<br>)<br>)<br>)<br>) Case No. 19-CV-00610-GKF-JFJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Stay Proceeding in its Entirety [Doc. 115] of defendant SemGroup Corporation (SemGroup). For the reasons discussed below, the motion is granted.

**Background and Procedural History**

Plaintiff Robert Ferrell brings this case as a putative collective action under the Fair Labor Standards Act (FLSA) on behalf of himself and other similarly situated employees pursuant to § 216(b) of that act. Ferrell alleges that he and putative collective members are persons currently or formerly employed by defendant SemGroup Corporation as inspectors. Ferrell asserts that he and putative collective members worked in excess of forty (40) hours in single workweeks, but were not paid overtime as required by the FLSA, allegedly as a result of SemGroup's misclassification of himself and collective members as independent contractors. On March 12, 2020, this court

entered a Scheduling Order, which included a May 15, 2021 deadline for plaintiff to file a motion for conditional certification. [Doc. 37].

SemGroup denies that it had an employment relationship with Ferrell. On April 9, 2020, SemGroup filed its Motion to Dismiss and Compel Arbitration [Doc. 39] seeking to enforce an arbitration provision included in an agreement between TIR and Ferrell. The day after SemGroup filed its motion to compel arbitration, TIR filed a motion to intervene, which this court granted in a June 12, 2020 Opinion and Order. [Doc. 63]. TIR then filed its own Motion to Compel Arbitration. [Doc. 64]. On SemGroup's motion, this court stayed plaintiff's deadline to file a motion for conditional certification pending resolution of the motions to compel arbitration. [Doc. 52].

On May 5, 2020, Vernon Oehlke filed a Notice of Consent to Join Wage Claim. [Doc. 57]. Pursuant to the Consent, Oehlke consented to participate in this collective action lawsuit against SemGroup brought under the FLSA and to be bound by this Court's decision. [*Id.* at p. 3].

In a September 9, 2020 Opinion and Order, the court denied SemGroup and TIR's motions to compel arbitration. [Doc. 86]. Having declined to compel arbitration, the court lifted the stay of collective action briefing and reinstated the May 15, 2021 deadline for conditional certification. [Doc. 87]. On September 28, 2020, both SemGroup and TIR filed Notices of Appeal, providing notice of their intent to appeal this court's September 9, 2020 Order denying the motions to compel arbitration. [Doc. 93; Doc. 94].

That same day, SemGroup and TIR jointly moved this Court for a stay of proceedings during the pendency of the appeals. [Doc. 95]. In response, Ferrell did not contest that his claims were stayed pending appeal, but objected to a stay of Oehlke's claim or the remainder of the proceedings. [Doc. 101, p. 2]. In an October 13, 2020 Order, this court granted the motion to stay

as to Ferrell's claim, but otherwise denied the motion without prejudice to its reassertion. [Doc. 109, p. 4].

The next day, SemGroup filed the motion to stay proceedings in their entirety. [Doc. 115]. TIR filed a response in support of the motion [Doc. 122], and plaintiff filed a response in opposition. [Doc. 123]. On November 2, 2020, SemGroup filed a reply brief. [Doc. 124]. Thus, the motion to stay proceedings in their entirety is ripe for the court's determination.

**Analysis**

SemGroup primarily argues that this court lacks jurisdiction over the entirety of the proceedings because Oehlke is not a party-plaintiff absent conditional certification and, therefore, no matters exist that are not involved in the appeal. *See Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (emphasis in original) (quoting *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)) ("[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed with *matters not involved in that appeal*."). SemGroup points to the U.S. Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) for the proposition that "simply filing a notice of consent, prior to this Court's conditional certification of this case, is not sufficient to confer standing or status as a party." [Doc. 115, p. 3]. However, SemGroup reads *Genesis Healthcare* too broadly. In that case, the Court "granted certiorari to resolve whether [a FLSA] case is justiciable when the lone plaintiff's individual claim becomes moot." *Genesis Healthcare Corp.*, 133 S. Ct. at 1526. It was undisputed that no other individuals had opted in to the suit. *Id.* at 1527. Of the mootness issue, the Court stated:

> A straightforward application of well-settled mootness principles compels our answer. *In the absence of any claimant's opting in*, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action. While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and "other employees similarly situated," 29 U.S.C. § 216(b), the mere presence of collective-action allegations in

>
> the complaint cannot save the suit from mootness once the individual claim is satisfied.

*Id.* at 1529 (emphasis added) (footnote omitted). With respect to conditional certification, the court stated:

> Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b).

*Id.* at 1530 (internal citation omitted).

*Genesis Healthcare* is distinguishable. Here, Ferrell's claim is not moot. On the contrary, this court denied SemGroup and TIR's efforts to compel arbitration of the claim, which would have divested this court of jurisdiction. Further, unlike in *Genesis Healthcare,* Oehlke filed his Consent to Join Wage Claim prior to the court's decision on the motions to compel arbitration or imposition of the stay as to Ferrell's claim.

Moreover, this court is not persuaded that *Genesis Healthcare* would otherwise divest this court of jurisdiction. In *Genesis*, the Supreme Court recognized that "[t]he *sole consequence* of conditional certification is the sending of a court-approved written notice to employees." *Id.* at 1530. Although the Court went on to state that the employees, in turn, become parties to a collective action only by filing written consent, nothing in the decision suggests that conditional certification *is necessary* to party-status. Rather, the Court cited § 216(b), which states, in relevant part, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." The statute is silent as to any requirement for conditional certification prior to the filing of a notice of consent. 29 U.S.C. § 216(b); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018) (emphasis added) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555

n.10 (2d Cir. 2010) (noting "neither 'certification' nor 'decertification' appears in text of section 216(b)" and stating "preliminary certification is '*neither necessary nor sufficient for the existence of a [collective] action*'").

SemGroup directs the court to a handful of federal district court decisions that interpret *Genesis Healthcare* to require conditional certification before an opt-in attains party-plaintiff status. *See* [Doc. 115, pp. 3-4]. However, the greater weight of authority holds that "filing a written consent pursuant to § 216(b) is sufficient to confer party-plaintiff status." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1273 (11th Cir. 2018) (specifically considering "an issue of first impression regarding the status of opt-in plaintiffs in collective actions under the [FLSA]— specifically, whether an opt-in plaintiff is required to do anything beyond filing a written consent to become a party plaintiff" in a case where the district court had denied the motion for conditional certification); *see also Beattie v. TTEC Healthcare Sols., Inc.*, No. 18-CV-03098-RM-NRN, 2019 WL 4242664, at *1 (D. Colo. Sept. 6, 2019) (plaintiffs who opt in to a collective action had party status where the original plaintiffs had been compelled to arbitrate); *Christeson v. Amazon.com Servs., Inc.,* No. 18-2043-KHV, 2019 WL 4054032, at *1 n.1 (D. Kan. Aug. 28, 2019) (opt-in plaintiff who filed notice of consent to join was a proper party plaintiff, though court had not yet approved the notice to potential opt-in plaintiffs).[1] Thus, Oehlke's claim remains and the district court retains jurisdiction.

However, as previously recognized by this court, where § 16 is inapplicable, it may nevertheless be advisable for the court to stay the entirety of the proceedings "as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S.

---

[1] Neither party points the court to any Tenth Circuit decision on the issue.

1, 20 n.23 (1983). In assessing the propriety of a stay, a district court should consider: whether the [movants] are likely to prevail in the related proceeding; whether, absent a stay, the [movants] will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

SemGroup argues that a discretionary stay is warranted because Oehlke is also subject to a binding arbitration agreement.[2] *See* [Doc. 115-1]. The court agrees. Although the language of Oehlke's arbitration agreement differs from that executed by Ferrell, resolution of a motion to compel Oehlke's claim to arbitration would implicate some of the same legal issues presently before the Tenth Circuit. In fact, if this case proceeds pending appeal, the court could foresee a pattern in which an individual plaintiff opts in, SemGroup and TIR file a motion to compel arbitration, the court resolves that motion, the order is appealed, and another individual plaintiff opts in—restarting the cycle. Proceeding in such a manner would disrupt the dockets of both this court and the Tenth Circuit. Additionally, discovery in the absence of Ferrell and TIR would very likely result in duplicative efforts by Ferrell in the event the Tenth Circuit affirms this court's decision. For all of these reasons, granting a discretionary stay furthers the court's interest in judicial economy, as well as the public's interest in the *efficient* handling of all litigation. *See Kimery v. Broken Arrow Pub. Schs*., No. 11-CV-0249-CVE-PJC, 2011 WL 2912696, at *5 (N.D. Okla. July 18, 2011).[3]

---

[2] Plaintiff offered no response to SemGroup's motion in this regard. *See generally* [Doc. 123].

[3] Moreover, the court notes that any prejudice to plaintiff may be mitigated by tolling the statute of limitations, if appropriate. *See Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1238-40 (D.N.M. 2020); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, *1 (W.D. Ark. May 25, 2007).

## Conclusion

WHEREFORE, the Motion to Stay Proceeding in its Entirety [Doc. 115] of defendant SemGroup Corporation is granted. This matter is stayed in its entirety pending resolution of SemGroup and TIR's appeals of this court's September 9, 2020 Order denying the motions to compel arbitration.

IT IS SO ORDERED this 9th day of November, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE